IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JERRY OSBORNE,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | **8:14CV20**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's motion for attorney fees of $3,645.32 and for $418.93 in expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Filing No. 16. The defendant does not object to awarding attorney fees and expenses. However, the defendant requests that the $418.93 in expenses be paid from the Judgment Fund and not by the defendant. Filing No. 17.

The EAJA provides for attorney fees and expenses if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action as filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). The fees awarded must be reasonable. A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(D)(2)(A)(ii).

Furthermore, for a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. Substantial justification

occurs when the Commissioner's position has a clearly reasonable basis in law and fact. The Commissioner bears the burden of proving that her position is substantially justified. Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue that her position was substantially justified.

The court finds that the plaintiff is entitled to attorney fees and expenses under the EAJA. The plaintiff is the prevailing party. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed. Filing No. 16. Filing No. 16-3. The plaintiff requests attorney fees for $3,645.32 for 19.79 hours of work at an hourly rate of $184.20. The plaintiff has shown how $125, when adjusted for the increase in cost of living since 1996, is approximately $184.20 today. Filing No. 16-1. The court further finds that the increase in cost of living justifies a fee higher than $125 an hour and that the rate requested of $184.20 an hour is reasonable.

The plaintiff requests that the attorney fees be paid directly to his attorney. Filing No. 16-3. This is permissible, however, the award can be offset to satisfy debts the plaintiff owes to the United States. See Astrue v. Ratliff, 560 U.S. 586 (2010) (explaining how a plaintiff's debts to the federal government can be taken out of the award of attorney fees under 28 U.S.C. § 2412 if no exception applies). The court finds that the award of attorney fees are to be paid directly to the plaintiff's counsel[1] unless otherwise offset by federal debts. Furthermore, the court finds that the Judgment Fund should pay the $418.93 in expenses to the plaintiff's attorney.

---

[1] Plaintiff has assigned any award of fees and costs to his attorney Jenna R. Kessel and the Cavanaugh Law Firm, P.C., L.L.O.

2

THEREFORE, IT IS ORDERED that:

1. The plaintiff's motion for attorney fees and reimbursement of expenses, Filing No. 16, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $3,645.32 are to be paid directly to the plaintiff's attorney, Jenna Kessel and the Cavanaugh Law Firm, P.C., L.L.O., less any offset to satisfy a pre-existing debt to the United States.

3. The $418.93 in expenses is to be paid to the plaintiff's attorney by the Judgment Fund.

4. A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 15th day of July, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge